THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. ENRIQUE LÓPEZ, Defendant and Appellant.

No. 10287. Argued February 2, 1944.—Decided February 10, 1944.

*Carlos D. Vázquez* for appellant. *R. A. Gómez, Prosecuting Attorney (Fiscal)*, for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the court.

Enrique López was found guilty by the District Court of San Juan of a violation of §3 of Act No. 11, 1933 (Spec. Sess. Laws, p. 70) for having in his possession a slot machine of the "Lucky Smokes" type for gambling purposes, and was sentenced to serve thirty days in jail.

It is alleged herein that the lower court erred in weighing the evidence inasmuch as the same was not sufficient to support the allegations of the complaint; in finding the defendant guilty notwithstanding the fact that it was shown that the defendant was a mere employee in the establishment where the machine was seized as he was accused of having the same in his possession as owner thereof, there being a fatal variance between the allegations of the complaint and the evidence introduced, and in deciding that a mere manager of an establishment as employee thereof, is guilty of having in his possession a slot machine instead of holding the owner of said machine responsible therefor. The three assignments of errors will be discussed jointly.

The evidence for the prosecution shows that on May 5, 1942 a detective entered the commercial establishment known as "La Borincana" of Santurce; that at that time the person in charge of the business was the defendant, Enrique López; that there was a slot machine in said establishment in which by inserting a penny a package of cigarettes could be obtained as a prize; that this establishment as well as others belonged to a partnership known as "González Hermanos" but that on the day mentioned as well as at other times when the detective had gone there, the defendant was in charge of the restaurant; that when

other employees wanted to leave the establishment, they asked the defendant for permission.

. The evidence for the defense tended to show that the machine was in the establishment, but that Julio González, and not the defendant, was the owner of said business as well as of the Asturias Grocery; that while González stayed in the Asturias Grocery, he left one of the employees of "La Borincana" in charge, and that on the day of the occurrence the defendant had been left in charge.

Section 3 of Act No. 11 of 1933, *supra,* provides:

"From and after the date on which this Act takes effect, the introduction, manufacture, possession, use or operation of selling machines which may be used for gambling or lottery purposes, and machines of the kind known as slot machines (*trayaniqueles*), and of any other kind that may be used for gambling or lottery purposes, in whatever manner they may be manipulated, or any substitute therefor, or parts and accessories, shall be considered illegal, and their introduction, manufacture, use, possession or operation is prohibited."

The law does not require that the complaint be filed against the owner of the prohibited machine. It provides that possession thereof is sufficient to constitute the offense. It was alleged in the complaint that the defendant "had in his possession and managed as owner" the machine described. The words "as owner" were surplusage in charging the offense. The intention of the Legislature was to make any person who had in his possession one of the machines prohibited by law responsible, irrespective of whether he possessed the same as owner, as lessor, etc., and this conclusion is buttressed by §4 of the Act which provides in part that "Any person . . . who assists any person to violate this Act" shall be guilty. This does not mean, of course, that the owner of the machine should not be made criminally responsible for the crime also. But we hold that the owner as well as the person who was in possession of the machine is responsible. If the defendant agreed to manage the busi-

ness in the absence of the owner and in said business one of said machines was used, he was in possession of the same and is guilty of the offense charged. As is properly stated by the *Fiscal* in his brief, in the absence of the owner the one in charge of the manipulation of the machine and of paying the prices to those who gambled, was the defendant. Whether he obtained any profit from said machine or. whether he only received a salary for his work, is immaterial. Part of his salary came from the profit from said prohibited gambling.

The judgment must be affirmed.